This is an application for allowances in the matter of the New Jersey Refrigerating Company and approval of the report and account of the receivers.
It was, as counsel said in court, an unusual receivership. It was also, as I stated, an unnecessary one. It arose because of the disagreement between the largest two stockholders, who positively refused to co-operate in any manner whatever. The corporation was solvent and I tried in every possible way to bring the contending parties together, but without avail. Finally, the case reached an impasse. Nothing could be done except to appoint receivers, which action on my part was upheld by the court of errors and appeals. The appointment was made on June 13th, 1923. Instead of co-operating with the receivers in their efforts to liquidate the company, these two men either opposed or delayed it. Repeated appeals were taken from court orders, and finally application was made by one of these stockholders to the New York courts for receivers in that state, a wholly unnecessary action which greatly embarrassed the New Jersey receivers. The New Jersey receivers had already been appointed *Page 527 
ancillary receivers in New York state and had already begun to function there. The action of this stockholder renders it impossible, even now, to wind up completely the company's affairs, although this may be taken as practically the final report.
The result of this delay and the lack of co-operation on the part of the stockholders is illustrated by the records in the office of the clerk in chancery. There are approximately seven hundred papers filed covering over fourteen sections of the docket; enrollment of this case, when completed, will consume approximately two books, each of nine hundred pages. The docket entries show six appeals to the court of errors and appeals. In addition to the usual papers filed in a receivership, there are over one hundred distinct applications for sale and confirmation thereof, each application covering a complete sale and many of them involving a large number of tracts. This court has heard arguments of counsel in many cases in which it was necessary to file memorandums. The case is the largest in point of papers filed and litigated motions that has ever been in chancery. In point of prosecution the case is the longest one on the files of the court. This is by no means a complete summary of the litigation but indicates the volume of the receivership.
I have made partial allowances during the progress of the dissolution. The receivers and their counsel have done most excellent work in spite of the determined and persistent opposition of some of the stockholders, who should have co-operated with them. The stockholders have already received dividends amounting to $440 a share. Before the appointment of the receivers, the business was being conducted at a loss, but during the time they carried it on a profit of approximately $90,000 was realized. Opposition was expressed at the hearing before me to any further allowance to the receivers, presumably in order that the stockholders should have greater dividends. I cannot see why I should have any consideration for the two major stockholders who compelled the receivership and did everything possible to delay it after it was instituted. Had they acted as reasonable *Page 528 
men, and had they taken my advice, no receivership would have been necessary.
I realize, however, that the receivers and their counsel should not get excessive fees because of this fact. They should be properly compensated for their work, which, as I have said, was splendidly done. In fixing these allowances, the quality of their work, the quantity of it, and the quantum of the property administered should be taken into consideration. The estate in part consisted of many pieces of real estate, and the expert knowledge of the receivers along these lines was of great value. The receivers have asked for $50,000 each. I have come to the conclusion that I should not allow that much. I will award them $35,000 each. This, with allowances heretofore made, will make their total allowances about three and one-half per cent. on the actual cash which passed through their hands, which is $4,836,322. Counsel has asked for an additional $50,000. I shall reduce this allowance to $35,000, which, with intermediate allowances, will make the total allowance to him about two per cent. of the amount of cash handled, a total for receivers and counsel of about five and one-half per cent. of the cash passing through the receivers' hands. If I had figured five and one-half per cent. on the gross estate of $5,221,254, the amount allowed would have been $21,000 in excess of the total allowances. I state these percentages, not to indicate that receivers and counsel are to be compensated on a percentage basis alone. This I think is only one element in fixing fair remuneration, but even considering it solely on the percentage basis I believe the amounts fixed are reasonable. Receivers and counsel are entitled to be compensated in this very arduous and unusual case fairly and justly for the excellent work they have done in spite of the great difficulties which were unnecessarily thrown in their path, in addition to the other difficulties which ordinarily arise in receiverships of so great a size. *Page 529